IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES SPINE COMPANY, L.P., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT WALDEN, et al., | : | |
|     Defendants. | : | NO. 04-CV-4140 |

**MEMORANDUM OPINION**

J. Davis                                                                                                                                                        December 21, 2005

       Presently before the Court is defendants' motion to compel discovery and required disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) (Doc. No. 84), plaintiff's response in opposition to defendants' motion to compel discovery and cross-motion for limited protective order (Doc. No. 88), defendants' reply thereto (Doc. No. 90), and plaintiff's sur-reply memorandum in further response to defendants' motion to compel (Doc. No. 95).

       For the following reasons, this Court grants in part and denies in part both motions (Doc. No. 84, 88).

**I.    Defendants' Motion to Compel**

       Defendants seek the production of all information "considered" by plaintiff's damages expert, John Stavros, in fashioning his conclusions in accordance with Federal Rule of Civil Procedure 26(a)(2) ("Rule 26(a)(2)"). (See Def. Br., at 7). Defendants seek this information regardless of its privileged status, arguing that Rule 26(a)(2) trumps or waives any type of privilege against disclosure. (Id., at 8-18).

1

In response, plaintiff agrees to produce various categories of information that plaintiff's expert reviewed prior to issuing his expert report, subject to the execution of a confidentiality agreement as to several categories of documents. (See Pl. Br., at 8-12). However, plaintiff still refuses to produce three types of information: (a) notes of plaintiff's expert during a September 23, 2005 meeting between plaintiff and plaintiff's in-house counsel, outside counsel, and expert; (b) the content of oral conversations between plaintiff, plaintiff's expert, and/or plaintiff's counsel; and (c) unredacted versions of documents reviewed by plaintiff's expert, including e-mails requesting and/or receiving information from plaintiff and sales charts pre-dating third-party discovery. (Id., at 8, 10, 12-13, 14-23). Plaintiff contends that this information is protected against disclosure by virtue of the core work product privilege and/or the attorney-client privilege. (Id., at 24).

### A. Rule 26(a)(2)(B) requires the disclosure of all privileged information considered by a testifying expert.

Resolution of this discovery dispute requires an interpretation of the interaction between Rule 26(a)(2)(B), Rule 26(b)(3), Rule 26(b)(4), and the attorney-client privilege.[1] This, in turn, requires an analysis of the discovery modifications imposed by the 1993 amendments to Rule 26.

---

[1] Plaintiff contends that this discovery dispute involves only one "critical issue," the applicability of the attorney-client privilege to the notes and communications of a testifying expert. (See Def. Br., at 16, 18, 24). This Court disagrees. For instance, plaintiff does not concede the discoverability, in unredacted form, of all documents reviewed by plaintiff's testifying expert, but, instead, seeks to limit this discovery to various categories of documentation based upon work product principles. (See Pl. Br., at 9) ("Synthes is willing to produce all factual data contained in the e-mails . . . request[ing] only that the Court permit appropriate redactions of any attorney communications in which counsel imparted attorney impressions about the case . . . ."). Furthermore, plaintiff continues to assert that the core work product privilege of Rule 26(b)(3) insulates both notes between plaintiff's expert, plaintiff's client, and plaintiff's counsel and communicational exchanges between plaintiff's expert and plaintiff's counsel. (Id., at 12-14).

Prior to 1993, parties were limited both in what they could discover from testifying experts and in how they could obtain this discovery. Expert testimony was only discoverable if "known" and relied upon by the expert. See Fed. R. Civ. P. 26(b)(4) (1992); Duke Oishi, *A Piece of Mind for Peace of Mind: Federal Discoverability of Opinion Work Product Provided to Expert Witnesses And Its Implications in Hawaii*, 24 U. Haw. L. Rev. 859, 868 (2002) (addressing differences between pre-1993 expert discovery rules and post-1993 expert discovery rules). Moreover, interrogatories were the only method of taking discovery of expert witnesses, as permitted by Rule 26(b)(4)(A)(i), unless the presiding court granted a "motion" for leave to take further discovery.[2] See Fed. R. Civ. P. 26(b)(4)(i)-(ii) (1992); Suskind v. Home Depot Corp., 2001 WL 92183, at *3 (D. Mass. Jan. 2, 2001).

The 1993 amendments, which imposed mandatory disclosure obligations on testifying experts, broadened the scope of discoverable information and the methodology for obtaining this information. Rule 26(b)(4) was expanded to permit the taking of depositions of testifying experts. See Fed. R. Civ. P. 26(b)(4) (2005). Furthermore, Rule 26(a)(2)(B) was added to

---

[2]Based upon a textual reading of the interaction between pre-1993 Rule 26(b)(4) and pre-1993 Rule 26(b)(3), which pertained (as it does now) to work product protections, the Third Circuit found that opinion work product materials provided to a testifying expert were not discoverable, rejecting the argument that pre-1993 Rule 26(b)(3) needed to "give way" to pre-1993 Rule 26(b)(4) and the provisions authorizing discovery of expert witnesses. See, e.g., Bogosian v. Gulf Oil Corp., 738 F.2d 587, 594-596 (3d Cir. 1984). This decision, and its underlying rationale, have been held inapposite when determining whether evidentiary privileges shield from discovery materials provided to testifying experts after the 1993 amendments. See, e.g., Suskind, 2001 WL 92183, at *3 (finding that authors of the Federal Rules of Civil Procedure, through the 1993 amendments, "rejected the interpretation of Rule 26(b)(3) set forth in the Bogosian case that discovery pursuant to Rule 26(b)(4) is subject to the limitations of the second sentence of Rule 26(b)(3) concerning core attorney work product"); B.C.F. Oil Refining, Inc., 171 F.R.D. at 65 (Bogosian logic is "probably obsolete").

require testifying experts to submit an expert report, which, in turn, must disclose, *inter alia*, "the data or other information *considered* by the witness in forming the opinions." Id. (emphasis added). The advisory committee notes accompanying the 1993 amendments to Rule 26 identify the objectives behind this mandatory report:

> The report is to disclose the data and other information considered by the expert . . . Given this obligation of disclosure, litigants should *no longer* be able to argue that materials furnished to their experts to be used in forming their opinions–whether or not ultimately *relied upon* by the *expert–are privileged or otherwise protected from disclosure* when such persons are testifying or being deposed.

Id. (emphasis added).

The advisory committee notes to the 1993 amendments to Rule 26 provide express instruction on how to interpret both the requirement that the expert report disclose all "information considered" by the expert witness and the scope of relevant and suitable inquiry during the expert's deposition pursuant to Rule 26(4)(a). See Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444 (1946); 4 Wright & Miller, Federal Practice and Procedure § 1029 (3d ed. 2002) ("In interpreting the federal rules, the Advisory Committee Notes are a very important source of information and direction and should be given considerable weight."). For instance, it is clear from such commentary that the term "considered" in Rule 26(a)(2)(B) exceeds the more narrow definition of "relied upon," referring instead to any information furnished to a testifying expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected. See, e.g., Amway Corp. v. Procter & Gamble Co., 2001 WL 1877268, at *1 (W.D. Mich. April 17, 2001) (documents supplied to testifying expert, but not read, reviewed, or considered in forming opinions, not discoverable under Rule 26(a)(2)(B)); Vitalo v. Cabot Corp.,

212 F.R.D. 472, 474 (E.D. Pa. 2002) (defining "consider" in Rule 26(a)(2)(B) as reflecting on, reviewing, or using, even if ultimately rejected by expert). It is equally clear that the disclosure requirements of Rule 26(a)(2)(B) were meant to trump all claims of privilege, mandating production of all information furnished to the testifying expert for consideration in the formulation of her opinions, regardless of privilege. Finally, the 1993 advisory committee notes to Rule 26 fail to distinguish between types of "privilege," such as the attorney-client privilege or the work product privilege codified in Rule 26(b)(3). See Wright, Miller, & Marcus, Federal Practice and Procedure § 2016.2, at 252 (2d ed. 1994) ("the disclosure requirements of Rule 26(a)(2), adopted in 1993, were intended to pretermit further discussion and mandate disclosure despite privilege").

Despite the clear intent behind Rule 26(a)(2)(B), jurisprudential division exists among federal courts over how to interpret the interplay between Rule 26(a)(2)(B), Rule 26(b)(4), and the attorney-client and work product privileges. Compare Krisa v. Equitable Life Assurance Soc'y, 196 F.R.D. 254, 259 (M.D. Pa. 2000) (finding that disclosure of core work product to a testifying expert does not abrogate the privilege that attaches to such materials) with Suskind, 2001 WL 92183, at *6 ("present weight of the caselaw tends to be in favor of allowing discovery of core attorney work product materials which have been considered by an expert"). This division, however, is hardly balanced, as the overwhelming majority of courts addressing this issue have adopted a pro-discovery position, concluding that, pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its testifying expert for consideration in the expert's report, including information otherwise protected by the attorney-client privilege or the work product privilege. See, e.g., In re Pioneer Hi-bred Int'l, Inc., 238 F.3d 1370, 1375-1376

(Fed. Cir. 2001) ("fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony," regardless of whether such information falls under the attorney-client or core work product privilege); Colindres v. Quietflex Mfg., 228 F.R.D. 567, 571 (S.D. Tex. 2005) ("information that the expert creates or reviews related to his or her role as a testifying expert must be produced," even when materials are privileged); Am. Fidelity Assurance Co. v. Boyer, 225 F.R.D. 520, 521 (D.S.C. 2004) (requiring disclosure of core attorney work product materials that were used or consulted in preparation of expert report); Cornell Research Found, Inc. v. Hewlett, 223 F.R.D. 55, 78-79 (N.D.N.Y. 2003) (disclosure of work product materials to testifying expert overcomes privilege); CP Kelco U.S. Inc. v. Pharmacia Corp., 213 F.R.D. 176, 178-179 (D. Del. 2003) (requiring production of documents, which implicate the attorney-client privilege, reviewed by testifying expert because it would be "manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively"); Vitalo v. Cabot Corp., 212 F.R.D. 478, 479 (E.D. Pa. 2002) ("Rule 26(a)(2)(B) . . . vitiates a claim of attorney work product with respect to any information considered by a party's expert, whether or not relied upon by that expert"); In re McCrae, 295 B.R. 676, 679 (N.D. Fla. Bankr. 2003) (materials furnished to testifying expert must be disclosed because "plain meaning of Rule 26(a)(2) trumps protections afforded by attorney-client privilege and work product doctrine").   These courts reason that the disclosure of privileged materials to a testifying expert to formulate her testimony assumes that such materials will be made public or put at issue in the litigation, and effectuates a waiver to the same extent as any other disclosure.  See In re Pioneer Hi-bred Int'l, Inc., 228 F.3d at 1375-1376 (finding waiver of attorney-client and work product privileges upon disclosure of confidential communications to

testifying experts); United States Fid. & Guar. Co. v. Braspetro Oil Serv. Co., 2002 WL 15652, at *5-6 (S.D.N.Y. Jan. 7, 2002) (finding waiver of attorney-client privilege when testifying expert reviews electronic disks containing otherwise privileged information); Paul Rice, 2 Attorney-Client Privilege in the United States § 9:33 (2005) (when an expert witness considers confidential attorney-client communications in developing her testimony, offering of opinions constitutes waiver of attorney-client privilege for those communications).  Furthermore, this bright-line rule serves important policy considerations, including the facilitation of effective cross-examination and the resolution of uncertainty as to the discoverability of documentation divulged to a testifying expert.  See, e.g., Musselman v. Phillips, 176 F.R.D. 194, 198 (D. Md. 1997) (outlining policy considerations behind pro-discovery interpretation of Rule 26(a)(2)(B)).

This Court interprets Rule 26(a)(2)(B) as requiring disclosure of all information, whether privileged or not, that a testifying expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if the testifying expert ultimately rejects the information. See Luther Hajek, *Guise, Contrivance, or Artful Dodging?: The Discovery Rules Governing Testifying Employee Experts*, 24 Rev. Litig. 301, 315 (2005) ("Rule 26(a)(2)(B) precludes litigants from asserting work product and attorney-client privileges to prevent disclosure of documents and other information disclosed to an expert").  The Court finds that this interpretation best comports with the advisory committee notes to the 1993 amendment to Rule 26, the great weight of the case-law interpreting Rule 26(a)(2)(B), and the policies behind the relevant evidentiary privileges.

    **B.**    **Application**

This Court now applies its interpretation of Rule 26(a)(2)(B) to the various documents

and information that defendants seek to compel.

### 1. Materials Furnished to Plaintiff's Expert

The Court finds that plaintiff must disclose all materials, regardless of privilege, that plaintiff's expert generated, reviewed, reflected upon, read, and/or used in formulating his conclusions, even if these materials were ultimately rejected by plaintiff's expert in reaching his opinions. This includes disclosure, in whatever form the expert received them, of materials that plaintiff's counsel supplied to plaintiff's expert, including e-mails, summaries of lost sales, summary spreadsheets, pleadings, corporate information, sales charts and breakdowns, time analyses, retainer letters and invoices, and draft expert reports.[3]

### 2. Expert Notes of the September 23, 2005 Meeting

This Court finds that plaintiff must produce those notes of the September 23, 2005 meeting that plaintiff's expert created in his role as a testifying expert, regardless of whether these notes contain information that falls under the protection of the attorney-client privilege or the work product privilege.[4] These notes may contain information that bears on the credibility of plaintiff's expert, his report, and his trial testimony; and therefore are discoverable pursuant to

---

[3]Plaintiff concedes that these materials were furnished to plaintiff's expert for his review. (See Pl. Br., at 8-12). Furthermore, although plaintiff suggests that the summaries of Joan Raybuck's time expenditures were not "considered" by plaintiff's expert, it is clear that the expert considered these summaries within the meaning of Rule 26(a)(2)(B), and ultimately rejected use of these summaries in his final damages calculation, prior to the completion of his expert report. (Id., at 11).

[4]Plaintiff fails to provide a persuasive reason why Rule 26(a)(2)(B) would require the production of documents covered by the opinion work product privilege, but not the attorney-client privilege. Nor does plaintiff suggest that the scope of a waiver for information protected by the work product privilege differs from the scope of a waiver for information protected by the attorney-client privilege, particularly when that information is placed at issue during the litigation through consideration by a testifying expert.

Rule 26(a)(2)(B) and Rule 26(b)(4).  See B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. Of New York, Inc., 171 F.R.D. 57, 62 (S.D.N.Y. 1997) (discovery obligations apply to documents considered or generated by testifying expert).

However, in requiring this disclosure, the Court imposes two caveats.  First, defendants are not entitled to any notes memorializing conversations unrelated to the instant case. (See Pl. Br., at 12) (noting that participants discussed a wide range of topics in both this case and a number of others).  Second, defendants are not entitled to notes that have no relation to the expert's role as a testifying expert on the issue of damages, such as notes unrelated to the subject matter of plaintiff's expert testimony.  See, e.g., Colindres, 228 F.R.D. at 571; B.C.F. Oil Refining, Inc., 171 F.R.D. at 62 (Rule 26(a)(2)(B) does not require disclosure of documents having no relation to expert's role as testifying expert); Thoedore Banks, 2 Successful Partnering Between Inside and Outside Counsel § 33:34 (2004) ("the disclosure requirements of Rule 26 arguably should only apply to privileged communications or other materials concerning subjects that are related to the topics upon which the expert has been retained to testify, and a testifying expert's mere access to other privileged documents, or presence during unrelated privileged communications, should have no bearing whatsoever on privilege considerations").

### 3. Oral Communications Between Plaintiff, Plaintiff's Expert, and/or Plaintiff's Counsel

Plaintiff's expert must disclose the content of all oral communications that plaintiff's expert considered in formulating his opinions as a testifying expert in this case, regardless of whether these oral communications come from plaintiff's counsel or plaintiff itself.  The Court sees no principled distinction between the discoverability of oral and written communications that a testifying expert considers in fashioning her opinions.  See, e.g., Fed. R. Civ. P.

9

26(a)(2)(B) (requiring disclosure of "data or other information" considered by testifying expert); TV-3, Inc. v. Royal Ins. Co. Of Am., 193 F.R.D. 490, 492 (S.D. Miss. 2000) (requiring disclosure of all documents and oral communications reviewed by experts in connection with formulating opinions, even those ultimately rejected or not relied upon).  Nor does the case-law expressly make such a distinction.  See, e.g., B.C.F. Oil Refining, Inc., 171 F.R.D. at 67 ("there does not seem to be a principled difference between oral and written communications between an expert and an attorney insofar as discoverability is concerned"); Karn v. Ingersoll-Rand Co., 168 F.R.D. 633, 640 (N.D. Ind. 1996); Theodore Banks, 2 Successful Partnering Between Inside and Outside Counsel § 33.34 (noting that many courts permit discovery of oral communications between a corporation's counsel and their testifying expert").  Consequently, although plaintiff's expert need not disclose the content of privileged communications that plaintiff's expert never considered in formulating his opinion as to damages in the instant case, as such communications would not fall within the scope of Rule 26(a)(2)(B) and therefore would retain their privileged status, plaintiff's expert must nonetheless disclose the content of all oral communications between plaintiff, plaintiff's attorney, and/or plaintiff's expert that plaintiff's expert considered in fashioning his conclusions in this litigation.

## II.     Plaintiff's Motion for a Limited Protective Order

Plaintiff cross-moves for a limited "mirror image" protective order under Rule 26(c). (See Pl. Br., at 25).

This Court disagrees that plaintiff is entitled to the entirety of the relief requested in its proposed protective order, particularly because this Court has already granted in part defendants' motion to compel.  Nonetheless, this Court agrees that a limited protective order granting some

of plaintiff's requested relief would serve the interests of justice and avoid undue harassment and oppression.  See Fed. R. Civ. P. 26(c).  Accordingly, this Court grants plaintiff's motion for a protective order to the extent that plaintiff seeks to: (a) prohibit disclosure to non-parties of the documents that plaintiff must produce pursuant to this Order;[5] (b) prohibit non-parties from attending the deposition of plaintiff's expert; and (c) prohibit defendants from asking plaintiff's expert about the content of privileged conversations between plaintiff and its counsel that plaintiff's expert did not consider in formulating his opinions as to damages in the instant case.

### III.   Conclusion

For the preceding reasons, this Court grants in part and denies in part both defendant's motion to compel and plaintiff's cross-motion for a protective order.  An appropriate Order follows.

---

[5]Some of these documents, such as the sales charts and summary charts, contain trade secrets and other confidential information.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES SPINE COMPANY, L.P., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT WALDEN, et al., | : | |
|     Defendants. | : | NO.  04-CV-4140 |

ORDER

AND NOW, this 21st day of December 2005, upon consideration of defendants' motion to compel discovery (Doc. No. 84), plaintiff's response in opposition to defendants' motion to compel discovery and cross-motion for limited protective order (Doc. No. 88), defendants' reply thereto (Doc. No. 90), and plaintiff's sur-reply memorandum in further opposition to defendants' motion to compel (Doc. No. 92), it is hereby ORDERED as follows:

1. Defendants' motion to compel discovery (Doc. No. 84) is GRANTED in part and DENIED in part according to the following formula:

   A. Plaintiff is required to produce, within five days from the date of this Order, all materials generated, reviewed, reflected upon, read, and/or used ("considered") by plaintiffs' expert in reaching his conclusions in this litigation, including all materials that would otherwise be privileged.[6]  This includes, but is not limited to, the categories of documents that plaintiff identifies in his response (Doc. No. 88), such as e-mails, summaries of lost sales, summary spreadsheets, pleadings, corporate information, sales charts and breakdowns, time analyses, retainer letter and invoices, and draft expert reports;

   B. Plaintiff is required to produce, within five days from the date of this Order, those portions of plaintiff's expert notes during the September 23, 2005 meeting that relate both to the instant case and to the expert's role as a testifying expert on the

---

[6]This includes, but is not limited to, both the attorney-client privilege and the work product privilege.

        issue of damages; and

    C.     Plaintiff's expert is required to disclose, at the resumption of his deposition, all oral communications between plaintiff, plaintiff's expert, and/or plaintiff's counsel that plaintiff's expert considered in formulating his opinions as to damages in this matter.

2.     Plaintiff's motion for a limited protective order (Doc. No. 88) is GRANTED in part and DENIED in part according to the following formula:

    A.     The parties are prohibited from disclosing to non-parties the content of the documents that plaintiff must produce pursuant to this Order;

    B.     Non-parties are prohibited from attending the deposition of plaintiff's expert;

    C.     Defendants are prohibited from asking plaintiff's expert about the content of conversations between plaintiff and its counsel that plaintiff's expert did not consider in formulating his opinions as to damages in the instant case; and

    D.     Plaintiff's motion is DENIED in all other respects.

BY THE COURT:

\_\_\_\_\_/s/_____
Legrome D. Davis, J.